CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

GABINO SORIANO, on behalf of himself and others similarly situated,

                       Plaintiff,

-against-

C&M BAGELS, INC., MRA BAGELS INC.,
LOX OF BAGELS, INC., MAJ BAGELS INC.
and CLAUDIO IACCARINO,

                       Defendants.

---------------------------------------------------------------------------X

Case No. 26-CV-5864

FLSA COLLECTIVE
ACTION COMPLAINT

**Jury Trial Demanded**

       Plaintiff, GABINO SORIANO (hereinafter, "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants C&M BAGELS, INC., MRA BAGELS INC., LOX OF BAGELS, INC., MAJ BAGELS INC. (collectively, the "Corporate Defendants"), and CLAUDIO IACCARINO (collectively, the "Defendants") and states as follows:

## INTRODUCTION

       1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants:

(a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Westchester County, New York.

6. Defendant, C&M BAGELS, INC., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 9 Park Place, Bronxville, New York 10708.

7. Defendant, C&M BAGELS, INC., owns and operates a delicatessen and restaurant doing business as "Park Place Bagels," located at 9 Park Place, Bronxville, New York 10708 (the "Park Place Restaurant").

2

8.    Defendant, MRA BAGELS, INC., owns and operates a delicatessen and restaurant doing business as "Park Place Bagels #2," located at 52 Palmer Avenue, Bronxville, New York 10708 (the "Palmer Avenue Restaurant").

9.    Defendant, LOX OF BAGELS, INC., owns and operates a delicatessen and restaurant doing business as "Bagel Deli Plus," located at 480 New Rochelle Road, Unit #4, Bronxville, New York 10708 (the "New Rochelle Road Restaurant").

10.    Defendant, MAJ BAGELS INC., owns and operates a delicatessen and restaurant doing business as "Quaker Ridge Bagels," located at 41 Quaker Ridge Road, New Rochelle, New York 10804 (the "Quaker Ridge Road Restaurant").[1]

11.    Defendant, CLAUDIO IACCARINO, is the President, officer, shareholder, owner, proprietor, supervisor, and managing agent of each of the Corporate Defendants, who actively participates in the day-to-day operation of the Restaurants and acted intentionally and maliciously and is an employer, pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

12.    Defendant, CLAUDIO IACCARINO, exercises control over the terms and conditions of the employees' employment in that he has the power and authority to and does in fact: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

---

[1] Each of the delicatessens are collectively referred to herein as the "Restaurants."

13.    Defendant, CLAUDIO IACCARINO, supervises the work of the employees and mandate that all issues concerning the workers' employment – including hours worked and pay received – be authorized and approved by him.

14.    At least within each of the most recent three (3) years relevant to the allegations herein, each of the Corporate Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

15.    Defendants employed Plaintiff to work as a non-exempt deli clerk/food preparer and customer attendant at the Restaurants from in or about 2012 through in or about August 2024.

16.    The work performed by Plaintiff was directly essential to the business operated by Defendants.

17.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

18.    Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

19.    Defendant, CLAUDIO IACCARINO, actively participates in the day-to-day operation of the Restaurants.  For instance, Mr. Iaccarino personally hires and fires

4

employees at the Restaurants, supervises and directs the work of the employees at the Restaurants, instructs the employees at the Restaurants how to perform their jobs, and creates and maintains employment records.

20. Defendant, CLAUDIO IACCARINO, creates, implements, and approves all business policies and make all crucial business decisions, including decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

21. The Restaurants are associated as a single enterprise, utilizing Plaintiff and others similarly situated in a fungible and interchangeable manner as workers in the business operated by Defendants.

22. The Restaurants each engage in related activities, namely, providing restaurant/hospitality services to the general public for profit. The Restaurants shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and are under common control.

23. The Restaurants are controlled by the same owner or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

24. In or about 2012, Defendants hired Plaintiff to work as a non-exempt deli clerk/food preparer and customer attendant.

5

25. During the relevant six (6) year limitations period from July 2020 through the end of his employment in or about August 2024, Plaintiff worked at the New Rochelle Road Restaurant.

26. Defendants failed to provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay, any tip credits taken, and corresponding overtime rate of pay.

27. Plaintiff's employment came to an end in or about August 2024.

28. Throughout the relevant six-year limitations period between July 2020 and the remainder of his employment in or about August 2024, Plaintiff worked six (6) days per week (Tuesday off), and his work scheduled consisted of ten (10) hours per day five (5) days per week from 5:00 a.m. until 3:00 p.m.; and nine (9) hours on Sunday from 5:00 a.m. until 2:00 p.m.

29. Plaintiff was not required to punch a time clock or other time-recording device at the beginning and end of his work shift.

30. Throughout the relevant six (6) year limitations period beginning in July 2020 and continuing through the remainder of his employment in or about August 2024, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, partly by check and partly in cash, at the rate of $1,320 per week straight time for all hours worked and worked sixty (60) hours per week. Work performed in excess of forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31. Defendants failed to provide Plaintiff with accurate weekly wage statements/pay stubs setting forth Plaintiff's hours worked, true gross wages, deductions, and net wages.

32. By failing to provide Plaintiff with a wage notice and weekly wage statements identifying his actual hours worked, Defendants prevented Plaintiff from determining and seeking payment for the precise number of unpaid hours and, therefore, prevented Plaintiff from promptly raising issues of underpayment with his employers. As a result, Plaintiff was harmed by being deprived of his income for longer than he would have been had he been able to raise his underpayment earlier.

33. By failing to provide Plaintiff with a wage notice and accurate weekly wage statements, Defendants failed to deduct the proper amount of wages for Plaintiff's social security contribution, which may have a direct impact on Plaintiff's future social security benefit income.

34. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

35. At all relevant times, Defendants failed to maintain accurate and sufficient time and pay records.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been

or were employed by Defendants between July 10, 2023, through the date that the opt-in period expires as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory overtime rate of time and one-half (the "Collective Action Members").

37.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

38.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

39.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

8

40.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, since the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

41.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

     a.    Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

     b.    Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

     c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

     d.    Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation, in violation of the FLSA and the regulations promulgated thereunder;

     e.    Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

42.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

43.    Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

44.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "43" of this Complaint as if fully set forth herein.

45.    At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46.    At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

47.    At least within the three (3) most recent years relevant to the allegations herein, each of the Corporate Defendants had annual gross revenues in excess of $500,000.

10

48.     At least within the three (3) most recent years relevant to the allegations herein, the Corporate Defendants jointly had annual gross revenues in excess of $500,000.

49.     Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

50.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

51.     At all relevant times, Defendants had and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

52.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of overtime compensation, would financially injure Plaintiff and the Collective Action Members.

53.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its

11

employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

54.    Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

55.    As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

56.    Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

57.    Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

58.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59.    Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

60.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

61.    Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

62.    Defendants failed to furnish Plaintiff with a statement with every payment of wages accurately listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

63.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

64.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

65.    Defendants failed to notify Plaintiff in writing at the time of hire or thereafter of his regular hourly rate of pay, his corresponding overtime rate of pay, and his regularly designated payday, in contravention of New York Labor Law § 195(1).

66.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

67.    Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, GABINO SORIANO, on behalf of himself and all similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(c)    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(d)    An award of statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)    An award of prejudgment and post-judgment interest;

(f)    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(g)    Such other and further relief as this Court determines to be just and proper.

14

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
       July 10, 2026

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
60 East 42nd Street – 40th Floor
New York, NY 10165
T.  (212) 209-3933
F.  (212) 209-7102

By:    /s/ *Justin Cilenti*
       Giustino (Justin) Cilenti (GC2321)

15

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Gabino Soriano, am an individual formerly employed by Bagel Deli Plus and/or

related entities. I consent to be a plaintiff in an action to collect unpaid wages.

Dated: New York, New York
November 3, 2025

*Gabino Soriano*

Gabino Soriano